UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Victor H. Orozco,
Plaintiff,

v.

CVS Health Corporation,
Defendant.

COMPLAINT

INTRODUCTION
1. Plaintiff, Victor H. Orozco ("Plaintiff"), brings this Complaint against Defendant, CVS Health Corporation ("Defendant"), for unlawful sexual harassment, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964 and related Texas state law.
2. Plaintiff seeks compensatory damages, punitive damages, and all other relief deemed appropriate by the Court.

JURISDICTION AND VENUE
3. This Court has jurisdiction under 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law, specifically Title VII of the Civil Rights Act of 1964.
4. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred within the Northern District of Texas.

PARTIES
5. Plaintiff, Victor H. Orozco, resides at 3408 Ada, Fort Worth, TX 76105, and was employed by Defendant as a Store Manager.
6. Defendant, CVS Health Corporation, is a healthcare and retail company headquartered in Woonsocket, Rhode Island, with substantial business operations in Texas. Defendant may be served through its registered agent in Texas.

FACTUAL BACKGROUND

7. Plaintiff began working for Defendant as a Store Manager on October 23, 2022, and performed his duties competently.
8. On July 5, 2023, Plaintiff began receiving inappropriate, sexually explicit messages through the Google Meet app from a colleague, Destiny (D.M.). Plaintiff rejected these advances but did not report them immediately, fearing that Defendant would not act, as they had failed to act on previous misconduct involving another colleague, Norma.
9. On July 25, 2023, while gathering evidence against Destiny for suspected theft, Plaintiff asked her if she had sent the inappropriate messages. She laughed when Plaintiff showed her

the messages. Plaintiff suggested she secure her account and passwords in case someone else had sent them.

10. On August 11, 2023, Destiny formally accused Plaintiff of sexual harassment, alleging that he had shown her sexual messages and made inappropriate remarks.

11. Plaintiff contends that Destiny's accusation came as retaliation for Plaintiff investigating her misconduct.

12. Despite reporting the harassment and providing evidence, Gary Monteagudo from Colleague Relations conducted a biased investigation, displaying disbelief from the start. Rather than addressing Plaintiff's harassment claims, Defendant began investigating Plaintiff.

13. In addition to the false accusations from Destiny, Plaintiff reported several incidents involving Norma, including theft and aggressive behavior. Norma was seen taking $100, cursed at Plaintiff multiple times (both in private and in front of customers), and her daughter threw an object at Plaintiff. Despite these reports, Norma faced minimal disciplinary action.

14. From January 2023 through September 2023, Plaintiff reported misconduct from Norma and other employees multiple times, but no substantial action was taken. In total, Plaintiff reported misconduct 12 different times from employees, with only 3 resulting in any form of punishment.

15. Due to the stress of these incidents, Plaintiff took a 30-day Leave of Absence (LOA) starting on September 7, 2023 due to suicidal thoughts. Plaintiff was diagnosed with depression, anxiety, and work-related stress on September 13, 2023.

16. While on LOA, Defendant terminated Plaintiff's employment on September 20, 2023, but backdated the termination to September 8, 2023, without proper cause or notice, despite his mental health diagnosis and ongoing treatment through Defendant's Employee Assistance Program (EAP)

CLAIMS FOR RELIEF

COUNT 1: Sexual Harassment in Violation of Title VII

17. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

18. Defendant, through its employee Destiny, subjected Plaintiff to unwelcome sexual advances that created a hostile and offensive working environment.

19. Defendant failed to take prompt and appropriate corrective action after Plaintiff reported the harassment, violating Title VII of the Civil Rights Act of 1964.

COUNT 2: Retaliation in Violation of Title VII

20. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

21. Plaintiff engaged in a protected activity by reporting sexual harassment.

22. In retaliation, Defendant terminated Plaintiff's employment after he reported the harassment and provided evidence of misconduct.

23. Defendant's retaliatory actions violated Title VII.

COUNT 3: Wrongful Termination

24. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

25. Defendant wrongfully terminated Plaintiff while he was on an approved Leave of Absence for mental health reasons.

26. Defendant's termination of Plaintiff was not based on legitimate business reasons but was instead motivated by retaliation and bias.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:

   a. Compensatory damages for lost wages, emotional distress, and other losses;

   b. Punitive damages to punish Defendant for unlawful conduct;

   c. Front pay in lieu of reinstatement, due to the impact the termination has had on Plaintiff's mental health, finances, and well-being, which has led to a drinking problem, swollen legs, and diagnoses of PTSD, bipolar disorder, and depression;

   d. Attorneys' fees, costs, and expenses of this action;

   e. Any other relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 16, 2024

Victor H. Orozco
3408 Ada
Fort Worth, TX 76105
(817) 822-8994
victorscraiglist@gmail.com