IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR H. OROZCO, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-CV-885-P |
| | § | |
| CVS HEALTH CORPORATION, | § | |
| *Defendant.* | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION REGARDING DISMISSING CLAIMS PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On September 16, 2024, *pro se* Plaintiff Victor Orozco ("Orozco") filed a Complaint [doc. 1] asserting claims for unlawful sexual harassment, retaliation, and wrongful termination against Defendant CVS Health Corporation ("CVS"). Thereafter, on October 11, 2024, Orozco was granted permission to proceed *in forma pauperis* ("IFP") [doc. 10]. On March 28, 2025, Orozco filed an Amended Complaint [doc. 37]. Orozco's Amended Complaint asserted a single claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, *et al.*, against CVS and nine additional Defendants (collectively "Defendants").[1] On the same day, the Court after noting that it "cannot ascertain whether Plaintiff has stated any claim," ordered Orozco to "file a second amended complaint that complies with the [Federal Rules of Civil Procedure] and includes a plain statement of all his claims against all Defendants" no later than April 7, 2025. (Order Directing Plaintiff to File Second Amended Complaint ("Order to File Sec. Am. Compl.") [doc. 41] at 1-2.) Subsequently, Orozco filed two separate motions to extend the time to file his second amended complaint [doc. 47, 51]. Acknowledging that Orozco was proceeding *pro se*, the

---

[1] Orozco's Amended Complaint identified the following additional Defendants: Littler Mendelson P.C.; Navex Global Inc.; BC Partners Inc.; Vista Equity Partners; Morgan Brown & Joy LLP; Bracewell LLP; Fort Worth Human Relations Commission; Heather Pierce; and Chandler Gordon.

Court granted both motions [doc. 48, 53]. However, the Court, in granting Orozco's Second Motion for Extension of Time to File Second Amended Complaint [doc. 51], advised Orozco that the Court was affording "him one final opportunity to file a second amended complaint, but that no further extensions would be granted," and ordered Orozco to file his second amended complaint no later than April 17, 2025 [doc. 53]. As of the date of this Order, Orozco has not filed his second amended complaint. Thus, the Court will screen Plaintiff's Amended Complaint, which is the live pleading before the Court, under U.S.C. § 1915(e).

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 29 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *McCollum v. Lewis*, 852 F. Appx. 117, 121 (5th Cir. 2021) (internal citations and quotations omitted). Further, a complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Courts shall "liberally construe pleadings filed by *pro se* litigants." *Torres v. Goldstein*, No. 3:24-CV-1843-B-BK, 2024 WL 4530027, at *2 (N.D. Tex. Sept. 24, 2024). However, a court is "not at liberty to create a cause of action where there is none." *Cledera v. United States*, 834 F. Appx. 969, 972 (5th Cir. 2021).

Where a plaintiff has filed an amended complaint, the "amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Cray v. Montiel*, No. 7:23-CV-206, 2025 WL 972829, at *13 (S.D. Tex. Mar. 11, 2025) (citations and quotations omitted), *report and recommendation adopted*, 2025 WL 963591 (S.D. Tex. Mar. 31, 2025). Thus, any "[c]laims and parties not re-alleged in the amended complaint are no longer before the court—the plaintiff has in effect dropped these claims and parties." *Id.* (citations omitted).

### A. RICO

A plaintiff must establish standing to bring a civil RICO claim. *Price v. Pinnacle Brands*, 138 F.3d 602, 606 (5th Cir. 1998); *Arroyo v. Oprona, Inc.*, 736 F. App'x 427, 429 (5th Cir. 2018) ("*Arroyo II*"). RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). "Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute . . . and (2) an injury to the plaintiff's business or property by reason of a violation of section 1962." *Stacker v. Givens-Davis*, No. 3:23-cv-00833-D (BT), 2024 WL 4427818, at *7 (N.D. Tex. Sept. 10, 2024) (quoting *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021)), *report & recommendation adopted*, 2024 WL 4428988 (N.D. Tex. Oct. 24, 2024). Further, "[a]n injured party must show that the violation was the but-for and proximate cause of the injury." *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 676 (5th Cir. 2015) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654 (2008)). "To state a civil RICO claim under 18 U.S.C. § 1962, a plaintiff must allege three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Peel v. Cpaperless, LLC*, No. 4:23-CV-02417, 2024 WL 5058609, at *5 (S.D. Tex. Nov. 8, 2024) (citing *North Cypress Med.*

*Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 201 (5th Cir. 2015)), *report and recommendation adopted*, 2024 WL 5063667 (S.D. Tex. Dec. 9, 2024). While these elements may seem "deceptively simple, . . . each concept is a term of art which carries its own inherent requirements of particularity." *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Additionally, "[a] RICO plaintiff must plead specific facts, not mere conclusory allegations, which establish the enterprise, and plaintiff must plead the specified facts as to each defendant." *Holliday v. Goodell*, No. 25-264, 2025 WL 721307, at *4 (E.D. La. Mar. 6, 2025).

### 1. A Pattern of Racketeering Activity

"Racketeering activity" is defined in 18 U.S.C. § 1961, which encompasses certain state and federal crimes. The individual acts or crimes of "racketeering activity" are known as "predicate offenses." *World of Faith World Outreach Ctr. Church v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). In the Fifth Circuit, to establish a pattern of racketeering activity, two elements must be met: "1) predicate acts—the requisite racketeering activity and 2) a pattern of such acts." *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993); *Boroja v. Roux*, No, 1-22-CV-01299-RP, 2023 WL 4054689, at *4 (W.D. Tex. June 15, 2023). The "pattern of acts" element requires a showing of "two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000); *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). While "[r]elatedness is established if the acts have the same or similar purposes, results, participants, victims, or methods of commission[,]" *World of Faith World Outreach Ctr. Church*, 90 F.3d at 122, continuity is established by a plaintiff demonstrating: "(1) a 'closed period of repeated conduct;' or (2) an open-ended period of conduct that 'by its nature projects into the future

with a threat of repetition.'" *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016) (citing *J.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989)).

Here, Orozco alleges the following predicate offenses establish a pattern of racketeering activity: 1) wire fraud in violation of 18 U.S.C § 1343; 2) obstruction of justice in violation of 18 U.S.C. §§ 1503, 1512; 3) unauthorized practice of law in violation of Texas Government Code § 81.101; and 4) "retaliation / identity disclosure."[2] (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 3-4.)

    a. <u>Wire Fraud</u>

To establish a predicate act of wire fraud, Orozco must first meet the heightened pleading standard of Federal Rules of Civil Procedure ("Rule") 9(b).[3] *Arroyo v. Oprona, Inc.*, H-16-852, 2017 WL 7792617, at *3 (S.D. Tex. Apr. 11, 2017) ("*Arroyo I*"). Rule 9(b)'s "particularity" standard requires a party to, at a minimum, set forth "allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Crosswell v. Rodriquez*, 120 F.4th 177, 184 (5th Cir. 2024); *see Arroyo I*, 2017 WL 7792617, at *3 ("Rule 9(b) requires that a plaintiff must specify the fraudulent statement, identify the speaker, state when the statement was made, and explain why the statement was fraudulent.") (citations omitted). However, Rule 9(b) permits a party to plead generally "[a]llegations about conditions of the mind, such as a defendant's knowledge of the truth and intent to deceive." *Crosswell*, 120 F.4th at 184.

---

[2] The Court notes that Orozco alleges, at the beginning of his Amended Complaint, that the "enterprise targeted Plaintiff through a pattern of racketeering activity including wire fraud, obstruction of justice, unauthorized practice of law (UPL), evidence tampering, whistleblower retaliation, and civil rights violations." (Pl.'s Am. Compl. at 1.) However, the Court focuses its inquiry on only those claims which Orozco discusses and further groups together in the "PREDICATE RICO ACTS" section of his Amended Complaint. (Pl.'s Am. Compl. at 3-4.)

[3] In alleging fraud, a party shall state with particularity the circumstances constituting the fraud; however, malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b).

Under 18 U.S.C. § 1343, wire fraud "requires proof of (1) a scheme or artifice to defraud, (2) the use of wire communications, and (3) specific intent to defraud." *Visintine v. Navyarm Cmty. Credit Union*, No. 2:24-CV-00124, 2024 WL 4720606, at *6 (S.D. Tex. Aug. 29, 2024). The evidence of an individual's specific intent to defraud, as required under section 1343, is shown through presenting "evidence of a scheme to defraud by false or fraudulent representations." *St. Paul Mercury Ins. Co.*, 224 F.3d at 441. While the standard for measuring a scheme to defraud is broad, "a scheme to defraud must involve fraudulent misrepresentations or omissions reasonably calculation to deceive persons of ordinary prudence and comprehension." *Robinson v. Standard Mortg. Corp.*, 191 F. Supp. 3d 630, 639 (E.D. La. June 7, 2016) (citations and quotations omitted). In accord with Rule 9(b), a party, alleging wire fraud, "must state the factual basis for the fraudulent claim with particularity and cannot rely on speculation of conclusional allegations." *Id.* at 640 (citations and quotations omitted).

Here, even liberally construing the amended complaint, Orozco's wire fraud allegations lack the specificity that Rule 9(b) demands. Orozco's wire fraud allegations, which are limited to three sentences, are as follows:

1. Defendants used electronic communications to coordinate retaliatory actions, send falsified termination documentation, and conceal internal complaints.

2. Emails from [Heather] Pierce and [Chandler] Gordon ordered Plaintiff's removal and misrepresented Plaintiff's conduct to HR and outside counsel.

3. Morgan, Brown & Joy LLP and Littler Mendelson filed motions containing falsified statements and misquoted case law . . . .

(Pl.'s Am. Compl. at 3-4.) As to his first allegation, this broad allegation fails to specifically identify which defendant or defendants used electronic communications to accomplish the alleged acts. Further, Orozco fails to specify when these communications were made or to whom, specifically, they were directed. While Orozco alleges these communications were to coordinate

retaliatory actions, send falsified termination documentation, and conceal internal complaints, he fails to provide any details about the contents of the communications or documents he alleges were falsified. Additionally, while Orozco is permitted to generally plead Defendants' intent to defraud, a required element of wire fraud, he failed to address this element. The Court shall not infer that an element exists when Orozco has failed to set forth any argument to warrant such a finding. Thus, Orozco's first allegation is a vague, general allegation that is plainly insufficient to establish a predicate act of wire fraud under 18 U.S.C. § 1343.

Orozco's second and third allegations meet the same fate. Orozco's second allegation, even taking it as true, fails to meet the particularity requirements of Rule 9(b). Specifically, Orozco's second allegation regarding emails between Defendant Heather Pierce ("Pierce") and Chandler Gordon ("Gordon") fails to address: 1) when the alleged emails were sent, 2) whom, specifically, they were sent to beyond a vague description of "HR" and "outside counsel," 3) details about the contents of the email, 4) how, specifically, the emails were fraudulent or misrepresented his conduct, and 4) Pierce and Gordon's intent in sending the alleged emails. Therefore, the allegation is insufficient to establish a predicate act of wire fraud under 18 U.S.C. § 1343. As to Orozco's third allegation regarding filed motions by Defendants Morgan, Brown & Joy LLP ("Morgan") and Littler Mendleson ("Mendleson"), the allegation fails to meet the pleading standard of Rule 9(b) by failing to address: 1) when the motions where filed, 2) where the motions were filed, 3) the contents of the motions, 4) why the statements in the motions were falsified or how the case law was misquoted, and 5) the specific statements he alleges are false. Orozco does attach various documents to his Amended Complaint, which he alleges show "case law lies." (Pl.'s Am. Compl. at 29-47.) However, he does not address these documents in the body of his Amended Complaint, nor does he provide the Court with any context as to what the documents are or why they are

relevant to his wire fraud claim. While the Court liberally construes Orozco's Amended Complaint, it is not the duty of the Court to sift through documents to create an argument for him. Even if the allegations were true, they fail to satisfy the pleading standard of Rule 9(b). Consequently, Orozco's wire fraud allegations fail to state a claim for plausible relief. Thus, the Court **FINDS** and **CONCLUDES** that Orozco fails to state a plausible wire fraud claim under 18 U.S.C § 1343. Therefore, the Court **RECOMMENDS** Orozco's wire fraud claim be **DISMISSED.**

      b. <u>Obstruction of Justice</u>

Orozco also alleges in his Amended Complaint that the Defendants committed the predicate act of obstruction of justice in violation of 18 U.S.C. §§ 1503 and 1512. To support this, Orozco makes the following four allegations:

1. CVS redacted internal complaints, skipped case numbers, and falsified metadata in HR reports.

2. NAVEX tampered with digital complaint logs, removing timestamps and references that would support retaliation claims.

3. Morgan, Brown & Joy LLP and Bracewell LLP assisted in concealing critical evidence and delaying public records via false justification.

4. Fort Worth HRC granted repeated extensions to CVS's attorneys, ignored missing categories in the investigative report, and never interviewed key witnesses.

(Pl.'s Am. Compl. at 3-4.)

"Obstruction of justice involves any attempt to impede the due administration of justice." *United States v. Cihak*, 137 F.3d 252, 262 (5th Cir. 1998). "The elements of obstruction of justice under 18 U.S.C. § 1503 are: (1) a judicial proceeding was pending; (2) the defendant knew of the judicial proceeding; and (3) the defendant acted corruptly with the specific intent to influence, obstruct, or impede the proceeding in its due administration of justice." *United States v. Fisch*,

851 F.3d 402, 407 (5th Cir. 2017) (internal quotations and citations omitted). "Section 1503 was enacted to protect individuals involved in *federal judicial proceedings* and to prevent miscarriages of justice by corrupt methods." *United States v. Richardson*, 676 F.3d 491 501-02 (5th Cir. 2012) (internal quotations and citations omitted) (emphasis added). However, "Section 1503 does not forbid interferences with doing 'justice,' in the sense of 'fairness' and 'rightness,'" but rather, since it is a contempt statute, it "is directed at disruptions of orderly [judicial] procedure." *United States v. Howard*, 569 F.2d 1331, 1337 (5th Cir. 1978). Thus, to obstruct the "due administration of justice" within the meaning of section 1503, a plaintiff must first show that there was in fact a pending judicial proceeding, e.g. a hearing or trial, that the defendant was specifically intending to impede. *See id.* (finding that, since "section 1503 forbids interference with the 'administration of justice,' a prerequisite of its violation is a pending criminal proceeding") (citations omitted); *see also Thomas v. Daneshgari*, 997 F. Supp. 2d 754, 762 (E.D. Mich. Feb. 14, 2014) (finding no RICO predicate act under section 1503 where alleged perjury took place in arbitration and state court).

In this case, even taking Orozco's allegations as true, they fail to state a claim under section 1503 because they did not occur in the context of a judicial proceeding. As explained above, section 1503 is limited to federal judicial proceedings. Orozco does not set forth any facts indicating that the acts occurred during the course of a federal judicial proceeding or any type of proceeding at all. While Orozco seems to be referencing some type of proceeding or investigation, he fails to provide the Court with any context to consider the allegations. Furthermore, Orozco fails to set forth any facts touching on the other elements needed to establish a violation of section 1503—namely defendants' specific intent to impede, defendants' knowledge of a proceeding, and whether defendants acted corruptly. While Orozco does attach documents to his Amended

Complaint, he does not specifically reference these documents in the body of his Amended Complaint nor is it patently clear why the documents are or could be relevant to his section 1503 claim or even what the documents are. Once again, it is not the Court's duty to sift through documents to help piece together Orozco's section 1503 argument. Thus, looking at just the allegations alone, Orozco has failed to state a plausible claim for relief under 18 U.S.C. § 1503.

Orozco also alleges Defendants obstructed justice in violation of 18 U.S.C. § 1512. Section 1512 criminalizes tampering with a witness, victim, or informant, and broadly encompasses the destruction or concealment of documents by a defendant acting with the intent to impede any official proceeding. 18 U.S.C. § 1512. While Orozco fails to cite a specific portion of the statute, the Court interprets his allegations, which tend to relate to destruction or concealment of evidence, to fall under 18 U.S.C. § 1512(c).

Section 1512(c) provides:

Whoever corruptly—

> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so

shall be [found to violate this section].

18 U.S.C. § 1512(c). "Under this statute, an 'official proceeding' must be federal in nature but is otherwise broadly defined, [to include] any proceeding 'before a judge or court of the United States' as well as a federal grand jury." *United States v. Robinson*, 87 F.4th 658, 669 (5th Cir. 2023). Additionally, the Fifth Circuit has recognized that there must be "a nexus between the alleged act and the official proceeding." *United States v. Bedoy*, 827 F.3d 495, 507 (5th Cir. 2016); *see United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014) (stating that a finding of obstruction

of justice requires there be "some 'nexus' between the obstructive act and some official proceeding") (citations omitted); *Robinson*, 87 F.4th at 669. However, the proceeding "need not be pending or about to be instituted at the time of the offense," *see* 18 U.S.C. § 1512(f), so long as the proceeding was at least "'foreseen,' such that the defendant has in contemplation some particular official proceeding that he intends this conduct would impede or obstruct." *Bedoy*, 827 F.3d at 507 (citing *Simpson*, 741 F.3d at 552). To act "corruptly" within the meaning of the statute, a person must have acted "knowingly and dishonestly, with [the] specific intent to subvert or undermine the due administration of justice." *United States v. Delgado*, 948 F.3d 435, 452 (5th Cir. 2021) (internal quotations and citation omitted).

Here, even if Orozco's allegations were true, they fail to state a claim under section 1512(c) because they did not occur in the context of an official proceeding. As stated above, Orozco fails to address whether the acts occurred during an official proceeding, and, even in the absence of an official proceeding, Orozco does not address whether the Defendants foresaw an official proceeding which they were intending to impede or undermine. Further, Orozco does not address, nor can his allegations be interpreted as touching on, Defendants' intent or knowledge regarding the obstructionist acts. Additionally, the Amended Complaint is void of any argument addressing a requisite nexus between the alleged acts and an official proceeding. While Orozco sets forth allegations that, taken as true, could amount to some type tampering of evidence, he fails to address the necessary elements of section 1512(c). No amount of liberal construction can cure the defects in Orozco's claim when he has provided nothing but vague allegations and left the Court to connect the dots. As it is not the duty of the Court to connect the dots to give life to a claim, it is clear that Orozco's allegations are insufficient to state a claim for relief under 18 U.S.C. § 1512(c).

Thus, the Court **FINDS** and **CONCLUDES** that Orozco has failed to state a plausible obstruction of justice claim under 18 U.S.C. §§ 1503 and 1512. Therefore, the Court **RECOMMENDS** that Orozco's obstruction of justice claims be **DISMISSED**.

c. Retaliation / Identity Disclosure

Orozco also alleges Defendants committed the predicate act of "retaliation/identity disclosure." (Pl.'s Am. Compl. at 4.) To support his claim, Orozco's allegations which are limited to three sentences, state that:

1. NAVEX revealed Plaintiff's identity to CVS immediately after the ethics complaint was submitted.

2. This breach triggered a series of retaliatory actions including verbal harassment, false allegations, and eventual termination.

3. FWHRC knew of the retaliation and still accepted falsified evidence from CVS and their attorneys.

(Pl.'s Am. Compl. at 4.) Because the identity disclosure Orozco complains of is encompassed within his retaliation claim, the Court interprets Orozco's claim to be that Defendants' committed the predicate act of retaliation.

Retaliation under 18 U.S.C. § 1513[4] can be a predicate offense within "a pattern of racketeering activity." 18 U.S.C. § 1961(1)(B). Under section 1513, "[t]he crime of retaliation against a witness, victim, or informant only applies to a person who either kills or attempt to kill, causes bodily injury, or damages the tangible property of another person." *Hudnall v. Smith*, No. EP-21-CV-00106-FM, 2021 WL 3744577, at *3 (W.D. Tex. July 9, 2021). Retaliation directed at a witness, victim, or informant under the statute is limited to federal proceedings. *Walker v.*

---

[4] The Court notes that Orozco does not cite to a state law or federal statute as a basis for his retaliation claim. However, because "retaliation" is a predicate offense for a RICO claim under 18 U.S.C. § 1961, the Court shall use that statute for its analysis of whether Orozco has stated a plausible claim for relief.

*Beaumont Indep. School Dist.*, No. 1:15-CV-379, 2016 WL 6666828, at *15 (E.D. Tex. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1156852 (E.D. Tex. Mar. 24, 2016).

Here, Orozco does not allege that, as a victim of retaliation, Defendants attempted to kill, caused bodily injury, or damaged his tangible property. Additionally, in reviewing the allegations, Orozco fails to identify specific instances of retaliatory actions beyond vague assertions of "verbal harassment, false allegations, and eventual termination." (Pl.'s Am. Compl. at 4.) To the extent his allegations touch on false allegations or falsified evidence, Orozco fails to meet the particularity requirements of Rule 9(b), as discussed above. Furthermore, Orozco does not set forth sufficient facts to tie the retaliation to a federal proceeding. Thus, Orozco fails to set forth a plausible claim for relief under 18 U.S.C § 1513.

Additionally, even if Orozco's three allegations were enough to create the predicate act of retaliation, his claim would still fail as he has failed to identify a pattern of racketeering activity. As stated above, "[a] pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co.*, 224 F.3d at 441. Assuming arguendo that the predicate acts are related, Orozco would still have to show continuity of the activity or its threat. *World of Faith World Outreach Ctr. Church*, 90 F.3d at 122.

> [Continuity] may be shown by either a closed period of repeated conduct, or an open-ended period of conduct that by its nature projects in the future a threat of repetition. A closed period of conduct may be demonstrated by proving a series of related predicates extending over a substantial period of time. An open period of conduct involves the establishment of a threat of continued racketeering activity. This may be shown where there exists a specific threat of repetition extending indefinitely into the future, or where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business.

*Id.* (internal citations and quotations omitted). The Fifth Circuit has acknowledged that "where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, a 'pattern

of racketeering activity' has not been shown." *See id.* at 123 (finding Plaintiff failed to show continuity where all the alleged predicate acts involving the production of television news programs were part of a single, lawful endeavor); *see Arroyo I*, 2017 WL 7792617, at *7-8 (finding that Plaintiff failed to show continuity for (1) witness tampering/witness retaliation because it took place over no more than two consecutive months and (2) mail and wire fraud because, while the period extended from 2010 through 2015, "the acts were part of a single, discrete scheme to evade the imposition of taxes for one individual"); *see also Harris Cnty. v. Eli Lilly Co.*, No. H-19-4994, 2020 WL 5803483 at *9 (S.D. Tex. Sept. 29, 2020) (finding Plaintiff sufficiently pled continuity by alleging "a scheme which involve[d] thousands of related mail and wire transmissions for the common purpose of deceiving [Plaintiff] and other health plans that allegedly occurred over a period of many years and [was] still ongoing"). "Courts have stressed that a single scheme to accomplish one discrete goal, directed at one individual with no potential to extend to other persons or entities is not the type of racketeering pattern RICO seeks to prohibit." *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 207 (5th Cir. 2024) (internal quotations and citations omitted).

Here, Orozco has provided no specific dates or a general timeframe providing context for the alleged retaliation. Further, Orozco does not allege that Defendants pose a continued threat of criminal activity. While Orozco's allegations are vague, the Court can follow what appears to be a general sequence of events from the time Orozco filed an ethics complaint to his termination and subsequent events stemming from his termination. This is supported by Orozco's own contention that Defendants "deliberately retaliated against him after he reported workplace misconduct and discrimination." (Pl.'s Am. Compl. at 2.) Orozco does not allege, in his Amended Complaint, that any retaliation from the ethics complaint has continued past his termination or threatens to

continue. Further, Orozco fails to discuss any actions taken outside the context of his termination or the events leading up to it. Thus, it would appear to the Court that the acts Orozco complains of all relate to a single scheme or transaction, which, as discussed above, is not the kind of conduct RICO is intended to encompass. Consequently, the Court **FINDS** and **CONCLUDES** that Orozco's retaliation allegations are insufficient to state a plausible claim for relief under 18 U.S.C § 1513. Therefore, the Court **RECOMMENDS** Orozco's retaliation claim be **DISMISSED**.

    d. Unauthorized Practice of Law

Orozco also alleges that Pierce engaged in the unauthorized practice of law, in violation of Texas Government Code §§ 81.101, *et seq.* (Pl.'s Am. Compl. at 4.) To support his claim, Orozco's allegations which are limited to two sentences, are as follows:

1. Heather Pierce, not licensed in Texas, directed internal investigations and legal strategy.

2. Communications show her overriding counsel and instructing actions that should only be directed by licensed legal representatives.

(*Id.*) Racketeering activity, as defined in 18 U.S.C. § 1961(1), encompasses certain enumerated state law crimes. *See* 18 U.S.C. § 1961(1) (racketeering activity means any act or threat which is chargeable under State law and punishable by imprisonment for more than one year, to include murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance). Of the state law crimes listed, unauthorized practice of law is not included. Thus, Pierce's alleged unauthorized practice of law, even if true, cannot serve as a predicate act for Orozco's RICO claim.

    **2. Lack of RICO Claim Elements**

As stated above, to establish a "pattern of racketeering activity" there must first be two or more predicate acts. As a "pattern of racketeering activity" is just one of three necessary elements

required for a civil RICO claim, the failure to plead this element if fatal to a plaintiff's RICO claim. Here, Orozco has failed to demonstrate two or more predicate acts sufficient to establish a pattern of racketeering activity. The federal claims Orozco alleges were predicate acts have all been dismissed, and the state law claim cannot, as explained above, serve as a predicate act. Because Orozco has failed to adequately plead a "pattern of racketeering activity," the Court finds it unnecessary to delve into a discussion of the additional elements of a civil RICO claim. By failing to adequately plead *all* the necessary elements of a civil RICO claim, Orozco has failed to state a claim for relief. Thus, the Court **FINDS** and **CONCLUDES** that Orozco has failed to state a claim for relief under 18 U.S.C. § 1962. Therefore, the Court **RECOMMENDS** Orozco's RICO claim be **DISMISSED**.

### B. STATE LAW CLAIM

As stated above, Orozco fails to assert any plausible federal claim for relief. Thus, while not a basis for his RICO claim, Orozco has a standing state law claim for unauthorized practice of law. A court may decline to exercise supplemental jurisdiction over a state law claim if it has dismissed all federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "In the Fifth Circuit, the 'general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated[.]'" *Armendariz v. Chowaiki*, No. EP-14-CV-451-KC, 2016 WL 8856919, at *18 (W.D. Tex. Mar. 31 2016) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Products*, 554 F.3d 595, 602 (5th Cir. 2009)) (collecting cases); *see Clark v. Nat'l Equities Holdings, Inc.*, 561 F. Supp. 2d, 632, 640 (E.D. Tex. Feb. 10, 2006) (declining to exercise supplemental jurisdiction over state law claims where Plaintiff's federal RICO claims were all dismissed).

Here, Orozco alleges the Court has jurisdiction over the matter under 28 U.S.C. § 1331. (Pl.'s Am. Compl. at 3.)  However, the Court has dismissed all federal claims which the Court would have jurisdiction over under 28 U.S.C. § 1331.  Orozco's lone state law claim, which cannot serve as a basis for Orozco's RICO claim, stands alone before this Court and, because the Court would not have jurisdiction over the claim under 28 U.S.C. § 1331, the Court must decide whether to exercise jurisdiction over Orozco's state law claim under 28 U.S.C. § 1367.  Considering the Court has dismissed Orozco's underlying RICO claim, it now declines to exercise supplemental jurisdiction over the remaining state law claim for unauthorized practice of law.  Thus, the Court **FINDS** and **CONCLUDES** that the Court does not have jurisdiction over Orozco's state law claim.  Therefore, the Court **RECOMMENDS** that Orozco's state law claim of unauthorized practice of law be **DISMISSED WITHOUT PREJUDICE**.

    C.    **LEAVE TO AMEND**

Generally, "a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal." *Duncan v. Potter Cnty. Police Dep't.*, No. 2:24-CV-150-Z-BR, 2025 WL 582162, at *3 (N.D. Tex. Jan. 29, 2025), *report and recommendation adopted,* 2025 WL 581455 (N.D. Tex. Feb. 20, 2025); *see LeCroy v. Canon U.S.A., Inc.*, No. 1:21-CV-035-H, 2021 WL 2338862, at *2 (N.D. Tex. June 8, 2021) ("When a plaintiff's complaint fails to state a claim, a court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice."); *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam).  However, courts are not required to grant leave to amend where "an amendment would be futile." *Cledera*, 834 F. Appx. at 972.  Leave to amend would be futile where "the plaintiff has already pleaded his best case." *Garrison v. Doe*, No. 3:24-CV-00700-X (BT), 2024 WL 3822747, at *4 (N.D. Tex. May 21, 2024), *report and recommendation adopted,* 2024

WL 3826471 (N.D. Tex. Aug. 13, 2024) (internal quotations and citations omitted). "A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint," and takes no further action to cure the deficiencies. *Wiggins.*, 710 F. App'x at 627 (citing *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (further citation omitted).

Here, the Court previously ordered Orozco to file his second amended complaint because the Court was unable to ascertain whether he stated any claim upon which relief could be granted. (Order to File Sec. Am. Compl. at 1.) The Court also granted him two extensions to file his second amended complaint [doc. 48, 53]. Consequently, the Court interprets Orozco's failure to file his second amended complaint to be indicative of him having pled his best case. Therefore, no further leave to amend is warranted.

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Orozco's case should be **DISMISSED** under 18 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief can be granted.

It is further **RECOMMENDED** that Orozco's Unauthorized Practice of Law claim be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Orozco's claims for Wire Fraud under 18 U.S.C. § 1343, Obstruction of Justice under 18 U.S.C. §§ 1503, 1512, and Retaliation under 18 U.S.C. § 1513 be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that Orozco's RICO Claim be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 15, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 1, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE