**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**VICTOR HUGO OROZCO**,
Plaintiff,
v.
**CVS HEALTH CORPORATION, et al.**,
Defendants.
**Civil Action No. 4:24-CV-885-P**

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, ORDER TO SHOW CAUSE AND MOTION TO ENFORCE EQUITY

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff Victor Hugo Orozco, pro se, and respectfully submits this Motion for Reconsideration under Rule 60(b)(6) or, in the alternative, a request that the Court issue an Order to Show Cause why the relief requested in Plaintiff's concurrently filed Objection and Motion for Equitable Relief should not be granted in full.

---

## I. PROCEDURAL AND EQUITABLE BASIS

This motion is made pursuant to:

- **Federal Rule of Civil Procedure 60(b)(6)** – relief from judgment or orders when "any other reason justifies relief";

- **Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)** – requiring courts to accommodate pro se litigants with documented disabilities;

- **The Due Process Clause of the Fifth Amendment** – guaranteeing a meaningful opportunity to be heard;

- **The Court's inherent equitable powers** to prevent injustice and correct its own procedural failures;

- And the **First Amendment right to petition the government for redress**.

## II. SUMMARY OF MISCONDUCT, DENIALS, AND RETALIATION

Plaintiff has suffered profound legal injury as a direct result of this Court's refusal to accommodate disability, recognize inequitable procedural treatment, or intervene to stop active retaliation. To date:

- Seventeen (17) motions and requests have been filed by Plaintiff; **zero (0)** have been granted.

- Three (3) TROs were filed with notice — **all were denied** as if ex parte.

- Seven (7) ADA accommodation requests were filed — **none were acknowledged**.

- Four (4) court-appointed attorney requests were made — **all ignored**.

- A protective order was filed on April 15, 2025, specifically warning of **Carrie Pierce's surveillance** (a blood relative of Defense Counsel Heather Pierce) — it was **denied and purged**.

- Plaintiff is a **homeless, trauma-disabled veteran** with no access to a working phone, internet, or legal support. Despite this, every effort was made to comply.

This is no longer about procedure. It is about basic fairness. The Court's continued refusal to address these issues amounts to enabling retaliation, discrimination, and civil rights violations under color of law.

---

## III. REQUESTED RELIEF

Plaintiff respectfully demands that the Court:

1. **Reconsider all prior denials**, including but not limited to motions for TROs, ADA accommodations, default, sealing/protective orders, emergency hearings, and appointment of counsel;

2. **Or issue an Order to Show Cause** directing all parties — and if necessary, the Court itself — to explain why:

   - No accommodations were granted under the ADA despite multiple requests;

   - No hearings were held despite urgent and repeated filings;

○ Plaintiff's protective order was purged while Defense Counsel's relative surveilled Plaintiff online;

○ Defendants have not been sanctioned despite provable misconduct and silence;

○ A disabled veteran with no legal help was held to a higher standard than billion-dollar corporate defendants with legal teams;

3. **Enforce all equitable relief** outlined in Plaintiff's concurrently filed "Objection to Findings and Recommendation and Motion for Equitable Relief," which is incorporated herein by reference;

4. **Grant any further relief this Court deems necessary** to prevent injustice, protect Plaintiff's rights, and correct the procedural and constitutional failures documented in this case.

---

## IV. CONCLUSION

This Court has the power to fix what it broke. It can correct the record. It can restore equity. Or it can double down on injustice — and be forced to explain why on appeal, under oath, and in history.

Should this Court choose not to address these constitutional violations, Plaintiff will be left with no choice but to seek immediate appellate intervention to prevent further irreparable harm. The record will reflect that this Court was provided every opportunity to correct these abuses under its inherent authority and failed to do so.

## V. NOTICE OF POTENTIAL JUDICIAL BIAS AND RECUSAL REQUEST

Plaintiff further places this Court on notice that, pursuant to **28 U.S.C. § 455**, judicial recusal may be warranted. The record demonstrates consistent procedural favoritism toward Defendants, a systemic disregard for Plaintiff's rights under the **ADA**, **IFP status**, and the **Fifth Amendment**, and a pattern of denying access to relief without explanation.

The Court has failed to acknowledge disability accommodations, has purged evidence without justification, and has permitted opposing counsel to operate without consequence despite documented misconduct.

If this Court cannot guarantee a fair, unbiased adjudication moving forward — or refuses to address these long-standing inequities — Plaintiff respectfully requests **recusal** and reassignment under 28 U.S.C. § 455(a) and (b), due to the appearance of partiality and actual procedural prejudice.

Respectfully submitted,
/s/ Victor Hugo Orozco
Victor H. Orozco
Plaintiff, Pro Se
Dated: May 14, 2025